UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Courtney Toysherman Hill, | ) | C/A No. 6:25-cv-12651-TMC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Easley, T. Magruder, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center. ECF No. 1 at 2, 4. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff contends he was arrested on July 25, 2025, by the Easley City Police Department. *Id.* at 5. Plaintiff's property that he had with him was misplaced, including an iPhone 16 promax cellular phone device. *Id.* Plaintiff contends the arresting officer was T. MacGruder. *Id.* at 6. Plaintiff made several attempts with the Easley City Police Department to recover his phone, but he was informed that the device was given to another inmate. *Id.* For his injuries, Plaintiff contends he has suffered mental distress because he cannot access his personal documents and accounts. *Id.* Plaintiff notes he is presently incarcerated and

1

he cannot pay his legal fees because his device was given to another inmate. *Id.* For his relief, Plaintiff requests money damages in the amount of $10,000 for the retail value of the device, his legal fees, and pain and suffering. *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the pleadings, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

The Court finds that Plaintiff cannot allege any set of facts to state constitutional claims as to the named Defendant or the issues alleged. The Complaint is therefore subject to summary dismissal.

**Defendant Entitled to Dismissal**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983; *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001).

The City of Easley is entitled to summary dismissal. Municipalities and other local governmental units cannot be sued on a respondeat superior theory for the unconstitutional acts of their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, local governing bodies are "persons" that can be sued directly under § 1983 when alleged unconstitutional action executes governmental policy or custom. *Id.* To establish municipal liability, a plaintiff must plausibly allege that the municipality's policies caused the constitutional violation. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784 (1997). A municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts "may fairly be said to represent official policy"—inflicts injury. *Id.* (quoting *Monell*, 436 U.S. at 694); *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). When the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity. *Hughes v. Blankenship*, 672 F.2d 403, 405–06 (4th Cir. 1982). Plaintiff's claims against the City of Easley are subject to summary dismissal because he has not clearly identified any governmental policy or custom to demonstrate municipal liability. *See*

*Staggs v. Spartanburg Cnty. Det. Ctr.*, No. 8:22-cv-03852-HMH-JDA, 2022 WL 17742423, at *4 (D.S.C. Nov. 30, 2022), *R&R adopted by* 2022 WL 17741327 (D.S.C. Dec. 16, 2022).

**Failure to State a Claim**

Plaintiff's claims are also subject to dismissal because he has not alleged facts to establish a claim of a constitutional violation that is cognizable under § 1983. Plaintiff asserts a single claim in this action for the loss of his iPhone.

Deprivations of personal property do not support actions for damages under § 1983. *See Baker v. Stevenson*, C/A No. 8:13-cv-466-JFA-JDA, 2013 WL 4866337, at *1 (D.S.C. Sept. 11, 2013). This is so because negligence, in general, is not actionable under § 1983. *See Pink v. Lester*, 52 F.3d 73, 75–78 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Section 1983 does not impose liability for violations of duties of care arising under state law as "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). The United States Court of Appeals for the Fourth Circuit has held that a random and unauthorized deprivation of personal property by a state official does not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005). Instead, the availability of a state law cause of action for an alleged loss of property provides adequate procedural due process; in other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See Yates v. Jamison*, 782 F.2d 1182, 1184 (4th Cir. 1986) ("[A] government official's random and unauthorized act, whether intentional

or negligent, which causes the loss of private property is not a violation of procedural due process when the state provides a meaningful post-deprivation remedy.").

South Carolina law provides post-deprivation procedures to secure the return of personal property or to compensate for the loss. *See, e.g.*, *Drake v. Brown*, C/A No. 6:09-cv-1449-JFA-WMC, 2009 WL 1749375, at *2 (D.S.C. June 22, 2009) (citing *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (finding South Carolina's post-deprivation remedy under S.C. Code Ann. § 15-69-10, *et seq.* sufficient to satisfy due process requirements)); *see also Mosley v. Scarcella*, C/A No. 1:19-cv-1550-RMG-SVH, 2019 WL 4280129, at *2 (D.S.C. June 19, 2019), *R&R adopted by* 2019 WL 3406612 (D.S.C. July 29, 2019). Further, an unauthorized deprivation of property by a state employee, even if *intentional*, "does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available." *Hammond v. Dean*, C/A No. 3:07-cv-654-SB, 2007 WL 3002362, at *2 (D.S.C. Oct. 9, 2007) (emphasis in original) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)). Thus, even if Plaintiff can show that Defendants unlawfully took Plaintiff's iPhone, Plaintiff has a remedy under South Carolina law to obtain relief in state court. *See Hudson*, 468 U.S. at 530–36 (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230–31 (finding that the state courts were open to the plaintiff for claims of conversion or trespass to chattels and finding no reason to think that the state process was constitutionally inadequate); *Samuel v. Ozmint*, C/A No. 3:07-cv-178-PMD-JRM, 2008 WL 512736, at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-cv-3392-PMD-GCK, 2007 WL 2288123, at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Because Plaintiff can bring an

action in the South Carolina state courts to remedy the seizure and loss of his iPhone, any § 1983 claims based on the deprivation of his personal property fails to state a claim upon which relief may be granted.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned finds that the Complaint fails to state a claim for relief. Therefore, the district court should **DISMISS** this action without issuance and service of process and without leave to amend.[1]

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

September 24, 2025<br>
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] Leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).